# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

STATE AUTO PROPERTY AND ) 
CASUALTY INSURANCE COMPANY, )
                             )

    Plaintiff, )
                             )

v. )        Case No: 4:12CV1853 HEA
                             )

GENNY AND CHAD LARKIN, )
                             )

    Defendants. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees and Expenses, [Doc. No. 98], Plaintiff's Motion for Recoupment of Advance Payments, [Doc. No. 100], Plaintiff's Motion for Relief from the Court's August 18, 2014 and September 25, 2014 Orders, [Doc. No. 103], and Defendants' Motion for New Trial, [Doc. No. 103]. Defendants have not responded to Plaintiff's Motions.

Plaintiff filed this declaratory judgment action seeking a determination of whether Defendants were entitled to insurance coverage under a fire loss policy issued by Plaintiff. Following a jury trial, judgment was entered in favor of Plaintiff.

**Attorney's Fees and Costs**

Plaintiff seeks attorney's fees incurred over the course of this litigation.

Under the American Rule, "parties are required to pay their own attorney's fees

unless an award of fees is authorized by statute." *Kelly v. Golden,* 352 F.3d 344,

352 (8th Cir.2003). Under the Federal Declaratory Judgment Act, 28 U.S.C. §

2201, there is no provision for the award of attorney's fees. However, "attorney's

fees may be awarded under 28 U.S.C. § 2202 where such an award is authorized

by applicable state law for comparable actions." *Cedar Hill Hardware and Const.*

*Supply, Inc. v. Insurance Corp. of Hannover,* 4:04CV743 DJS, 2006 WL 2862145,

at * 3 (E.D.Mo. Oct. 4, 2006) (quoting *Am. Family Ins. Co. v. Dewald,* 597 F.2d

1148, 1151 (8th Cir.1979).

In declaratory judgment proceedings under Missouri law, "the court may

make such award of costs as may seem equitable and just." Section 527.100

RSMo. An award of costs under this provision, however, does not automatically

include attorney's fees. *Smith v. City of St. Louis,* 395 S.W.3d 20, 26 (Mo. banc

2013). Instead, attorney's fees may be awarded as costs in a declaratory judgment

proceeding where special circumstances exist. *Id.* The special circumstances

"exception is narrow, strictly applied, and does not apply every time two litigants

maintain inconsistent positions." *Goellner v. Goellner Printing,* 226 S.W.3d 176,

179 (Mo.App.E.D.2007).

Plaintiff contends that intentional misconduct by a party is a special circumstance justifying an award of attorney's fees. The Court has reviewed numerous cases addressing this issue and finds that this case is properly aligned with the ruling in *Allstate Ins. Co. v. Estes*, 118 F.Supp.2d 968 (E.D. Mo 2000), in which the Court awarded attorney's fees to the insurer in a declaratory judgment action in connection with a fraudulent fire damage claim. *Estes,* 118 F.Supp.2d at 974. In that case, the Court ruled that there was no coverage under the insurance policy because the insured was found to be responsible for the fire. *Id.* Based on the fraud, the Court held that special circumstances existed justifying the award of attorney's fees. *Id.*

Based on the facts of this case, this Court finds special circumstances are present to justify an award of attorney's fees. In finding for Plaintiff, the jurors specifically found intentional misconduct by Defendants with regard to their claim.

This intentional misconduct necessitated Plaintiff bringing this declaratory judgment action to protect itself from the fraudulent claim. As a result, the intentional misconduct on behalf of the insureds directly caused Plaintiff to incur the claimed attorney's fees. This Court finds that these facts constitute special circumstances justifying an award of attorney's fees.

Section 527.100 RSMo does not specify what costs are permitted and at this point, the Court cannot ascertain what costs Plaintiff seeks. As such, the Court will

grant the motion with regard to costs, as well as attorney's fees, with the amount of such costs and fees to be determined subsequent to Plaintiff's submission of amounts and documentation of attorney's fees and costs incurred.

## Recoupment of Advance Payments

When an insured's intentional concealment or material misrepresentations have voided an insurance policy, "the property insurer is entitled to recoupment and restitution of the amount it paid to the insured or to the insured's mortgagees." *Cedar Hill Hardware v. Insurance Corp of Hannover*, 2006 WL 2862145, at *1 (E.D. Mo 2006), aff'd, 563 F.3d 329 (8th Cir. 2009). Because there is no dispute concerning the amount of the advancement, Plaintiff is entitled to recoup its advance payment of $ 40,000 from Defendants. Although Plaintiff also seeks interest on the advance payments, Plaintiff presents no clear authority to do so, and the Court is of the opinion that interest is not warranted herein. The Motion is granted as to the advance payments and denied as to interest.

## Relief from the Court's August 18, 2014 and September 25, 2014 Orders

Plaintiff seeks relief from the Court's Orders of August 18 and September 25, 2014 which relate to production of the Agent, Mike Ehrlich's file. At the time of the entry of the Orders, the Court reasoned that production of the file was appropriate and Plaintiff's failure to produce the file warranted the sanctions the Court imposed. Plaintiff now urges relief due to the outcome of the trial and the

finding of misrepresentations by Defendants.  The finding of misrepresentation

does not, *a fortiori,* require relief from the Orders.  Production of the file was

proper through discovery and the fact that Defendants were not able to arrive at a

conclusion they anticipated does not allow Plaintiff relief from Orders entered

based on other circumstances.  The motion is denied.

### New Trial

Defendants seek an Order granting a new trial arguing that the Court erred in

not striking Plaintiff's pleadings after Plaintiff's counsel failed to provide

requested documents to Defendants; in ruling that Defendant Chad Larking opened

the door to allow testimony regarding arson, reputation and past fires over

Defendants' objection; and in allowing testimony by Plaintiff's witness private

investigator Ray Papish over Defendants' hearsay objection.  Defendants do not

elaborate on their allegations of error, other than to simply state that the Jury

verdict was against the weight of the evidence, the cross-examination was

improper and the testimony by Mr. Papish was more prejudicial than probative.

Rule 59(a), which provides, in pertinent part, "the court may, on motion,

grant a new trial on all or some of the issues-and to any party ... after a jury trial,

for any reason for which a new trial has heretofore been granted in an action at law

in federal court." Fed.R.Civ.P. 59(a)(1)(A).   Rule 59(a) has been explained as

follows:  In evaluating a motion for a new trial pursuant to Rule 59(a), "[t]he key

question is whether a new trial should [be] granted to avoid a miscarriage of justice." *McKnight v. Johnson Controls, Inc.*, 36 F.3d 1396, 1400 (8th Cir.1994). A new trial is appropriate when the trial, through a verdict against the weight of the evidence or legal errors at trial, resulted in a miscarriage of justice. *White v. Pence*, 961 F.2d 776, 780 (8th Cir.1992). However, legal errors must adversely and substantially impact the moving party's substantial rights to warrant relief. **Fed.R.Civ.P. 61.**

"In determining whether or not to grant a new trial, a district judge is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *King v. Davis*, 980 F.2d 1236, 1237 (8th Cir.1992) (citing *White*, 961 F.2d at 780). "[T]he 'trial judge may not usurp the function of a jury ... [which] weighs the evidence and credibility of witnesses.'" *White*, 961 F.2d at 780 (quoting *McGee v. S. Pemiscot Sch. Dist.*, 712 F.2d 339, 344 (8th Cir.1983)). "Instead, a district judge must carefully weigh and balance the evidence and articulate reasons supporting the judge's view that a miscarriage of justice has occurred." *King*, 980 F.2d at 1237.

A movant may not use a motion for a new trial "to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to entry of judgment." *Parton v. White*, 203 F.3d 552 (8th Cir.2000) (citation

omitted); *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.,* 367 F.3d 831, 834 (8th Cir.2004). The movant must "specifically identify the alleged erroneous ruling and the improperly excluded evidence." *Moses.com Sec. Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1059 (8th Cir.2005) (citations and internal quotations omitted).

At the time of the Court's rulings, the Court articulated its reasons therefore. Defendants present nothing new to establish that the Court's rulings were erroneous nor that the verdict was against the manifest weight of the evidence. The record presents a clear basis for the jury verdict and the Court's rulings on Defendants' objections; Defendants have not established that they are entitled to a new trial under Rule 59 of the Federal Rules of Civil Procedure. The Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys' Fees and Expenses, [Doc. No. 98], is granted. Plaintiff shall prepare and file a statement of its fees and expenses within 10 days from the date of this Opinion, Memorandum and Order specifically detailing its fees and expenses incurred herein.

**IT IS FURTHER** ORDERED that Plaintiff's Motion for Recoupment of Advance Payments, [Doc. No. 100], is granted with respect to the $40,000 advancement and denied with respect to any interest thereon.

**IT IS FURTHER** ORDERED that Plaintiff's Motion for Relief from the Court's August 18, 2014 and September 25, 2014 Orders, [Doc. No. 103], is denied.

**IT IS FURTHER ORDERED** that Defendants' Motion for New Trial, [Doc. No. 103], is denied.

Dated this 18th day of June, 2015.


HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE